ROBERT L. BLAND, JUDGE.
According to a record prepared by the state agency involved in this case and submitted to this court on December 11, 1946, under section 17, article 2, chapter 14 of the code, the state road commission exercises supervision of a bridge crossing Kanawha Two-mile Creek and what r known as Dutch Hollow Road, in Kanawha county, West Virginia. This bridge is fifty-two feet long and fourteen *5 feet wide. The floor of the bridge is seven feet above th' stream of water. It had been neglected and permitted to become and remain in a defective and dangerous condition. Close to one end of the bridge was a large hole, sixty-six inches long and eleven inches wide, according to a statement made by Grover Melton, district safety director. The hole had been in existence approximately six weeks prior to the accident out of which the instant claim arises. The state claim agent, who investigated the claim in question, refers to the bridge accident as “another case of no reports, no inspections.”
Claimant and his family reside in Dutch Hollow, one-fourth mile up the hollow from Kanawha Two-mile Road. About five o’clock, P. M., on November 4, 1946, claimant’s small daughter, Arbutus Davis, aged seven years, was sent by her mother to a mail box to obtain a daily paper. While crossing the bridge on her way home the child stepped into the hole and fell for a distance of seven feet, knocking out one permanent tooth and one “baby” tooth, and sustaining bruises to her body. Claimant made certain expenditures for x-ray pictures and dental treatment and will incur other and further liability in the necessary treatment of the child, and dental work and services. A careful investigation reveals that this liability will approximate the sum of $100.00.
It is difficult to believe that officials of the road commission should be.so neglectful of duty and so indifferent to the safety of the traveling public as is shown by th' record of this claim. No excuse can be offered for the continued existence of the dangerous hole in the bridge in question. There is, we think, under the facts disclosed by the record, a moral obligation on the part of the state sufficient to warrant an award in this case. An award is, therefore, made in favor of claimant Robert Davis, in the sum of one hundred dollars ($100.00), to compensate him for money already expended in the necessary treatment of his child, Arbutus Davis, and for the further use and benefit of said child in providing necessary dental services.